IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

      Plaintiff,                        No. CIV S-06-0065 LKK GGH P

     vs.

CDCR, et al.,                          ORDER AND

      Defendants.            FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the second amended complaint filed June 26, 2006, as to defendants Sandham, Boican, Rohlfing, Runnels, Rausch, Goforth, Correa, Look, Hitt, Clement and Watkins. Pending are motions to dismiss filed November 28, 2006, and March 15, 2007, on behalf of defendants Rohlfing, Runnels, Clement, Sandham and Boican.

      After carefully reviewing the record, the court recommends that these motions be granted in part and denied in part. The remaining defendants also request an extension of time to respond to plaintiff's second amended complaint following resolution of the motions to dismiss. This request is granted.

/////

II. <u>Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief about the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, __ U.S. __, 2007 WL 1461066 * 8 (2007). "The pleading must contain something more...than..a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW</u>, 510 U.S. at 256, 114 S. Ct. at 803, <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

/////

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

III. Plaintiff's Allegations

In order to put defendants' motions in context, the court will summarize the allegations contained in the second amended complaint.

On September 11, 2004, defendant Rausch confiscated plaintiff's cane despite plaintiff's protest that he was authorized to possess it for medical reasons. Second Amended Complaint, p. 5. Later that day, plaintiff's back went out on him as a result of not having use of the cane. Id. Plaintiff fell in the restroom. Id. Defendant Gausch, Goforth, Look, Hitt and Watkins responded. Id. Plaintiff stated that he could hardly move and that he was in pain. Id. Defendants Rausch and Goforth jerked plaintiff up off the ground and dragged him around. Id. Defendant Watkins, a Medical Technical Assistant (MTA), told the other defendants that she did not want plaintiff in the medical clinic. Id., p. 6. Plaintiff was then thrown into a cage, as a result of which he suffered an injury to his head. Id., pp. 6-7.

On November 25, 2004, plaintiff was assaulted by defendant Correa after a riot broke out between the northern Mexican and black inmates. Id., p. 8.

Plaintiff alleges that defendant Runnels, the Warden, refused to investigate his claims regarding the incidents described above after plaintiff complained that his administrative appeals had been improperly denied. Id., pp. 8-10. Plaintiff alleges that defendant Runnels was acting under the code of silence when he refused to investigate his claims because he knew that there was no system in place to discipline the misconduct of the other defendants. Id. Plaintiff claims that defendant Runnels told his mother that nothing had happened to him. Id.

Plaintiff alleges that defendant Clement was assigned to investigate his administrative appeal of the September 11, 2004, incident. Id., pp. 15-17. Plaintiff alleges that defendant Clement violated his rights by his "intentional flagrant act, for corrupting, omitting and

3

circumventing the investigation that led to an unfair and bias report." Id., p. 15. Plaintiff claims that defendant Clement took pictures of the area where plaintiff was assaulted then destroyed that evidence. Id., p. 16. Plaintiff also claims that defendant Clement failed to record plaintiff's statement regarding the incident. Id. Plaintiff alleges that defendant Clement "willfully" left defendant Goforth out of the investigation. Id., p. 17.

Plaintiff alleges that on August 20, 2004, defendant Dr. Rohlfing prepared a medical report falsely stating that he saw no verification that plaintiff had a disability. Id., p. 17-20. Plaintiff claims that defendant Rohlfing prepared this report without examining plaintiff. Id. Plaintiff alleges that there were forms in his medical file stating that he was permanently mobility impaired. Id. Plaintiff claims that defendant Rohlfing removed those forms when he discontinued plaintiff's authorization to use a cane. Id.

Plaintiff alleges that defendant Sandham, the Chief Medical Officer, violated his rights when he signed the form removing plaintiff from the disability placement program and authorized the discontinuance of plaintiff's use of a cane. Id., pp. 20-23.

Plaintiff alleges that defendant Dr. Boican examined plaintiff two days after the September 11, 2004, incident. Id., pp. 23-25. Plaintiff claims that defendant Boican decided not to admit him to the prison hospital in order to protect defendant MTA Watkins. Id. Plaintiff also claims that defendant Boican upheld the decision to discontinue plaintiff's authorization to use of a cane. Id.

IV. Discussion

    A. Defendant Runnels

Plaintiff's alleges, in essence, that defendant Runnels conspired with the other defendants to "cover up" the excessive force incidents. Second Amended Complaint, pp. 8-10.

In Branch v. Tunnell, 14 F.3d 449, 452 (9th Cir. 1994), the Ninth Circuit held that where evidence of unlawful intent is required to establish liability, allegations of facts must be "specific and concrete enough to enable the defendants to prepare a response, and where

4

appropriate a motion for summary judgment." In <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (9th Cir. 2002), the Ninth Circuit overruled <u>Branch</u>. In <u>Galbraith</u>, the Ninth Circuit examined subsequent Supreme Court precedent, including <u>Swierkiewicz v. Sorema, N.A.</u>, 503 U.S. 506 (2002) (disapproving of heightened pleading standards in civil rights cases brought under Title VII), found this precedent to be contrary to the decision in <u>Branch</u>, and determined that <u>Branch</u> was no longer good law. <u>Galbraith</u> eliminated the heightened pleading requirement for improper motive in constitutional tort cases. 307 F.3d at 1125-26. Rather, all that is required is a short and plain statement of the claim to give the defendant fair notice of what the claim is and the grounds upon which it is based. <u>Swierkiewicz</u>, 503 U.S. at 510.[1]

Plaintiff's second amended complaint contains sufficient allegations to give defendants notice that he is claiming that defendant Runnels conspired with the other defendants to cover-up the alleged excessive force. Accordingly, the motion to dismiss as to defendant Runnels should be denied.

B. <u>Defendant Clement</u>

Plaintiff's claim against defendant Clement failed to adequately investigate plaintiff's administrative appeal. Second Amended Complaint, pp. 15-17. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003), citing <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.

---

[1] In <u>Wasco Products v. Southwall Technologies</u>, 435 F.3d 989, 991 (9th Cir.), <u>cert. denied</u>, ___ U.S. ___, 127 S. Ct. 83 (2006), the Ninth Circuit held that with respect to allegations of conspiracy, heightened pleading is required when the object of the alleged conspiracy is fraudulent. In <u>Wasco Products</u>, the Ninth Circuit expressed no opinion as to pleading requirements if the object of conspiracy is non-fraudulent. 435 F.3d at 992. In <u>Olsen v. Idaho State Bd. of Medicine</u>, 363 F.3d 916, 929 (9th Cir. 2004), the Ninth Circuit applied a heightened pleading standard to a claim for conspiracy to violate civil rights. Although the case law in the Ninth Circuit since the Supreme Court cases rejecting heightened pleading is not consistent, the better view, in line with Supreme Court authority, is that notice pleading suffices to allege a conspiracy to violate civil rights unless the object of the conspiracy if fraudulent.

5

Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[2]

Because plaintiff has no liberty interest in the correct processing of his administrative appeals, his claim against defendant Clement should be dismissed.

C. Defendant Sandham

Plaintiff alleges that defendant Sandham violated the Eighth Amendment and the Americans with Disabilities Act (ADA).

*Legal Standard for Eighth Amendment Claim*

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842, 114 S. Ct. at 1979-1981.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at

7

847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

*Analysis*

As stated above, plaintiff alleges that defendant Sandham, the Chief Medical Officer, violated his rights when he signed the form removing plaintiff from the disability

placement program and authorized the discontinuance of plaintiff's use of a cane. Second Amended Complaint, pp. 12, 20-23.

Title II of the ADA provides, "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Plaintiff alleges that because he did not have a cane, he was denied morning breakfast for three months because he could not make it to the dining hall. Second Amended Complaint, p. 21. Plaintiff also alleges that he could not attend church services because he did not have his cane. Id. These allegations state colorable ADA claims. See Armstrong v. Wilson, 124 F.3d 1019, 1024 (9th Cir. 1997) (exclusion from dining hall states colorable ADA claim); Love v. Westville Correctional Center, 103 F.3d 558 (7th Cir. 1996) (exclusion from church services may violate ADA). Accordingly, defendant Sandham's motion to dismiss plaintiff's ADA claim should be denied.

Defendant Sandham argues that plaintiff's Eighth Amendment claim should be dismissed because plaintiff alleges that defendant acted merely negligently. While plaintiff uses the word "negligent" to describe defendant Sandham's conduct, he also uses the term "deliberate indifference." Second Amended Complaint, p. 21. As stated above, plaintiff claims that defendant Sandham authorized the discontinuance of plaintiff's use of the cane despite plaintiff's continuing medical need for the cane. These allegations are sufficient to withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, defendant Sandham's motion to dismiss plaintiff's Eighth Amendment claim should be denied.

D.  Defendant Boican

Defendant Boican argues that plaintiff's Eighth Amendment claim should be dismissed because his allegations suggest that defendant acted merely negligently. As stated above, plaintiff alleges that defendant Dr. Boican examined plaintiff two days after the

9

1  September 11, 2004, incident. Second Amended Complaint, pp. 23-24. Plaintiff claims that
2  defendant Boican decided not to admit him to the prison hospital in order to protect defendant
3  MTA Watkins. Id. Plaintiff also claims that defendant Boican upheld the decision to
4  discontinue plaintiff's authorization to use a cane. Id.
5           Plaintiff is alleging that defendant Boican refused to admit him to the hospital for
6  non-medical reasons, despite his need to go to the hospital. Plaintiff also claims that defendant
7  Boican upheld the decision to discontinue his authorization for use of the cane even though he
8  still needed it. These allegations suggest that defendant acted with deliberate indifference to
9  plaintiff's serious medical needs. Accordingly, the motion to dismiss defendant Boican should
10 be denied.
11           E.   Defendant Rohlfing
12           Defendant Rohlfing first moves to dismiss on grounds that plaintiff's allegations
13 suggest only that defendant acted negligently. As stated above, plaintiff alleges that on August
14 20, 2004, defendant Dr. Rohlfing prepared a medical report falsely stating that he saw no
15 verification that plaintiff had a disability. Second Amended Complaint, pp. 17-20. Plaintiff
16 claims that defendant Rohlfing prepared this report without examining plaintiff. Id. Plaintiff
17 alleges that there were forms in his medical file stating that he was permanently mobility
18 impaired. Id. Plaintiff claims that defendant Rohlfing removed those forms when he
19 discontinued plaintiff's authorization to use a cane. Id.
20           Plaintiff is claiming that defendant Rohlfing revoked plaintiff's disability status
21 without examining him and discontinued his authorization for a cane despite plaintiff's
22 continuing medical need for the cane. These allegations sufficiently suggest deliberate
23 indifference by defendant Rohlfing to plaintiff's medical needs.
24           Defendant next argues that the exhibits attached to the second amended complaint
25 do not support plaintiff's claims. Defendant states that the exhibits reflect that defendant
26 Rohlfing revoked plaintiff's permanent mobility status based on an examination of plaintiff and a

finding that the objective data did not support plaintiff's claimed disability. Defendant argues that at best, plaintiff has demonstrated a difference of opinion between defendant Rohlfing and the doctor who placed plaintiff on permanent mobility status.

While differences of opinion between two doctors as reflected in this record may be sufficient grounds on which to grant a summary judgment motion, they are not sufficient grounds on which to grant a motion to dismiss. In responding to a motion to dismiss, plaintiff is not required to offer evidence demonstrating that defendant Rohlfing's decision was merely a difference of opinion rather than deliberate indifference.

Defendant also argues that the exhibits demonstrate that defendant Rohlfing's decision to remove plaintiff from disability status was made after he examined plaintiff, thus undermining plaintiff's claim of deliberate indifference. In the second amended complaint and in his opposition to the pending motion, plaintiff claims that defendant Rohlfing did not examine him. Plaintiff is apparently claiming that any record that defendant Rohlfing examined him is false. While plaintiff will have to eventually prove that this record is false, the court cannot dismiss the claims against defendant Rohlfing on this ground at this time.

Defendant argues that he is entitled to qualified immunity as to plaintiff's Eighth Amendment claims. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established constitutional or statutory rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1987). In analyzing whether a particular official is entitled to qualified immunity, the court addresses two questions. First, the court considers whether the facts alleged show that the officer's conduct violated a constitutional right. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2155 (2001). Second, and only if a constitutional right was violated, the court considers whether the right was clearly established such that a reasonable officer would believe that the alleged conduct was unlawful. Id. at 202, 121 S. Ct. at 2156. "The contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that

1  right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987).

2        As to the first part of the qualified immunity analysis, the court finds that plaintiff's claims sufficiently allege that defendant Rohlfing violated plaintiff's constitutional rights. The court next considers whether a reasonable doctor would have understood that his decision to remove plaintiff from permanent disability status and to "de-authorize" plaintiff's use of the cane violated plaintiff's Eighth Amendment rights.

7        As stated above, another doctor at another prison had placed plaintiff on permanent disability status and apparently authorized plaintiff's use of a cane. Plaintiff claims that he could not attend religious services and was denied breakfast for three months because he did not have his cane. Based on these circumstances, the court cannot determine whether a reasonable prison doctor would have understood that his decision to remove plaintiff's permanent disability status and to "de-authorize" his use of a cane violated the Eighth Amendment. For these reasons, defendant's motion to dismiss on qualified immunity grounds should be denied.

15        Defendant moves to dismiss plaintiff's ADA claim on grounds that plaintiff does not allege that he was denied any benefits as a result of not having his cane chrono. For the reasons the court recommends that defendant Sandham's motion to dismiss plaintiff's ADA claim be denied, defendant Rohlfing's motion to dismiss plaintiff's ADA claim should be denied as well.

20        Finally, defendant Rohlfing moves to strike the allegations in plaintiff's complaint that he was not supposed to be practicing medicine at the time he saw plaintiff. Defendant argues that this "scandalous, impertinent, and accurate" claim should be stricken.

23        In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976). Accordingly, the court must accept plaintiff's claim that defendant Rohlfing was not licensed to practice medicine at the time he examined plaintiff. While the court

suspects that this allegation, among many, cannot be substantiated, it cannot order it stricken.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' March 15, 2007, motion for an extension of time is granted; within twenty days of the adoption of these findings and recommendations, defendants Rausch, Goforth, Correa, Look, Hitt and Watkins shall file an answer to the second amended complaint.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Rohlfing's motion to dismiss filed November 28, 2006, be denied;

2. The motion to dismiss filed March 15, 2007, be granted as to defendants Clement; the motion to dismiss filed March 15, 2007, be denied as to defendants Sandham, Runnels and Boican.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/13/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

king65.mtd