IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

      Plaintiff,               No. CIV S-06-0065 LKK GGH P

    vs.

CDCR, et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a *former* state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion to compel filed March 4, 2008, and defendants' motion to compel filed March 26, 2008.

<u>Defendants' Motion to Compel</u>

      According to defendants' motion, on November 16, 2007, they served plaintiff with a request for production of documents seeking copies of the medical records in his possession, custody or control. Pursuant to the August 27, 2007, discovery order, plaintiff's responses were due by December 31, 2007. Having received no responses, defendants sent a letter to plaintiff asking him to serve his overdue responses no later than the January 10, 2008, date set for his deposition.

/////

According to defendants' motion, at the conclusion of plaintiff's deposition on January 10, 2008, plaintiff told defense counsel that he had brought "some" of his medical records. Defense counsel apparently accepted these records, but told plaintiff that he still needed to provide responses to the discovery request. The instant motion to compel seeks the medical records that plaintiff did not turn over on January 10, 2008.

In his opposition filed April 14, 2008, plaintiff states that at his deposition he gave defense counsel all of his medical records that he had in his possession. Opposition, p. 3: 21-25. Plaintiff also signed several medical releases authorizing defendants to obtain his medical records from different medical offices. See Exhibits attached to opposition.

Although plaintiff did not initially respond to the request for production of documents, he satisfied the request by providing the medical records in his possession at his deposition and by signing the releases. Plaintiff was not required to go to every medical office he had ever been seen in and obtain medical records for defendants. Fed. R. Civ. P. 34(a)(1). It appears that the request for production of documents was satisfied before defendants filed the motion to compel. Accordingly, defendants' motion to compel is denied.

<u>Plaintiff's Motion to Compel</u>

Plaintiff seeks to compel further responses to interrogatories. In his opposition to defendants' motion to compel, plaintiff states that the court can disregard his motion to compel regarding written interrogatories filed March 1, 2008. Opposition, p. 2: 11-14. It appears that plaintiff is referring to the motion to compel filed March 4, 2008, as he has filed no other motion to compel. Accordingly, this motion is withdrawn. Plaintiff also makes reference to a motion to compel filed February 28, 2008. However, the court has no record of a motion to compel filed on that date.

In his opposition, plaintiff states that "the motion to compel request for admissions still stands." Opposition, p. 2: 18-20. However, plaintiff has not filed a motion to compel regarding requests for admissions.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel filed March 4, 2008 (# 75), is withdrawn;

2. Defendants' motion to compel filed March 26, 2008 (# 78), is denied.

DATED: 05/23/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

king.com