IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,                    No. CIV S-06-0065 LKK GGH P

    vs.

CDCR, et al.,

        Defendant.              FINDINGS AND RECOMMENDATIONS

/

        Plaintiff, a former state prisoner, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendants motion for summary judgment filed October 3, 2008.  Defendant's motion for Summary Judgement came on for hearing on November 20, 2008.  Shanan Hewitt and Stanton Lee appeared for defendants.  Plaintiff has filed no opposition and failed to appear for hearing, although court records reflect plaintiff was properly served with notice of the hearing date at plaintiff's address of record.

        Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party."  Moreover, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in

1

sanctions. Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 83-183, governing persons appearing <u>in propria persona</u>, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. <u>Martinez v. Stanford</u>, 323 F.3d 1178 (9th Cir. 2003); <u>Brydges v. Lewis</u>, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing <u>Henry v. Gill Industries, Inc.</u>, 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. <u>Id</u>.

In the instant case, plaintiff has been warned that his failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file an opposition, the court concludes that plaintiff has consented to defendants' motion for summary judgment. In the alternative, the court finds that defendants' motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' October 3, 2008, motion for summary judgment be granted, in that:

1. Conspiracy claims are dismissed as to all defendants.

2. Claims of deliberate indifference to medical needs are dismissed as to Watkins, Sandham, Bocian and Rohlfing.

3. Claim of violation of the Americans with Disabilities Act against Sandham is dismissed.

\\\\\

1      4.  Excessive force claims against Rausch, Look, Gofoth, Hitt and Correra will
2 continue and the court will reset a schedule for litigation.
3      These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: December 16, 2008

 /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: 006
king0065.dis