IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,                  No. CIV S-06-0065 LKK GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants,            FINDINGS AND RECOMMENDATIONS

                           /

I. Introduction

        Plaintiff, a former state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. The case proceeds on the second amended complaint filed June 26, 2006 which alleges excessive force and Eighth Amendment medical malpractice. Pending before the court are all remaining defendants' motions for summary judgment both filed on October 3, 2008.[1] After initially failing to respond, plaintiff appeared in court on January 20, 2009, and was provided two weeks to file an opposition.[2] Plaintiff filed an opposition on

---

[1] All defendants are represented together except Dr. Rohlfing who has separate counsel.

[2] See Court Order and Findings and Recommendations, January 20, 2009 (Doc. #90).

1

February 3, 2009. Defendants filed replies on February 9th and 10th, 2009. Most recently, plaintiff filed another unauthorized opposition on April 23, 2009.

II. Complaint

Plaintiff names ten (10) defendants who were employed at High Desert State Prison (HDSP): Dr. Rohlfing; Dr. Sandham; Medical Technical Assistant (MTA) Watkins; Dr. Bocian; Correctional Officer (C/O) Rausch; C/O Look; C/O Goforth; C/O Hitt; C/O Correa; and Warden Runnels.[3]

Plaintiff alleges that on September 11, 2004, defendant Rausch confiscated his cane despite plaintiff's protest that he was authorized to possess it for medical reasons. Second Amended Complaint (SAC) at 5. Later that day, plaintiff's back went out on him as a result of not having use of the cane. Id. Plaintiff fell in the restroom. Id. Defendant Rausch, Goforth, Look, Hitt and Watkins responded. Id. Plaintiff stated that he could hardly move and was in pain. Id. Defendants Rausch and Goforth jerked plaintiff up off the ground and dragged him around. Id. Plaintiff contends that defendant MTA Watkins did not treat plaintiff and told the other defendants that she did not want him in the medical clinic. Id., at 6. Plaintiff was then thrown into a cage, as a result of which he suffered an injury to his head. Id., at 6-7.

On November 25, 2004, plaintiff was assaulted by defendant Correa after a riot broke out between the northern Mexican and black inmates. Id., at 8. Plaintiff alleges that MTA Watkins was deliberately indifferent to his serious medical needs and the correctional officers used excessive force.

Plaintiff alleges that defendant Runnels, the warden, on a ratification theory, refused to investigate his claims regarding the incidents described above after plaintiff complained that his administrative appeals had been improperly denied. Id., at 8-10. Plaintiff alleges that defendant Runnels was acting under the code of silence when he refused to

---

[3] Plaintiff also named Lieutenant Clement, but this defendant has been dismissed.

investigate his claims because he knew that there was no system in place to discipline the misconduct of the other defendants. Id.

Plaintiff states that Dr. Rohlfing was deliberately indifferent to his serious medical needs. Plaintiff alleges that on August 20, 2004, defendant Dr. Rohlfing prepared a medical report falsely stating that he saw no verification that plaintiff had a disability. Id., at 17-20. Plaintiff claims that defendant Rohlfing prepared this report without examining plaintiff. Id. Plaintiff alleges that there were forms in his medical file stating that he was permanently mobility impaired. Id.

Plaintiff alleges that defendant Sandham, the Chief Medical Officer, was deliberately indifferent to his medical needs and violated the American with Disabilities Act when he signed the form removing plaintiff from the disability placement program and authorized the discontinuance of plaintiff's use of a cane. Id., at 20-23.

Plaintiff alleges that defendant Dr. Boican examined plaintiff two days after the September 11, 2004, incident. Id., at 23-25. Plaintiff claims that defendant Boican decided not to admit him to the prison hospital in order to protect defendant MTA Watkins. Id. Plaintiff also claims that defendant Boican upheld the decision to discontinue plaintiff's authorization to use of a cane. Id.

Defendants move for summary judgment on the ground that plaintiff has failed to establish triable issues of fact to support his complaint with respect to the defendants.

III. Motion for Summary Judgment

*Pro Se Standards*

Plaintiff's opposition to summary judgment is nothing more than a slightly abbreviated version of his second amended complaint. Plaintiff has not provided a declaration or responded to defendants' undisputed facts or presented his own statement of undisputed/disputed facts. The exhibits in plaintiff's opposition to summary judgment are nearly identical to the exhibits in the second amended complaint. Plaintiff does not address the evidence cited in

defendants' motions for summary judgment. Plaintiff's opposition relies solely upon the allegations and denials from his complaint and plaintiff has failed to tender any evidence of specific facts in the form of affidavits, and/or admissible discovery material.

The present opposition brings into focus the Ninth Circuit's conflicting rulings on analysis of pro se oppositions to summary judgments. The Ninth Circuit has stated that pro se litigants must follow the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). As a general rule for ordinary litigants, the judge does not have to scour the record in efforts to find evidence which might defeat summary judgment, i.e., the litigant must supply the needed evidence *within the motion or opposition*. See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir.2001) (stating the rule for represented parties: "Other circuits are not unanimous, but *Forsberg* is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein."); but see Jones v. Blanas, 393 F.3d 918, 922-923 (9th Cir. 2004) ("[b]ecause Jones is pro se, we must consider as evidence in his opposition to summary judgment all of Jones [admissible] contentions offered in motions and pleadings [signed under penalty of perjury].") It is difficult to square Jones with King because Jones clearly fashions a separate rule for pro se litigants in opposing summary judgment, and does away with the "same rules of procedure that govern other litigants."

Moreover,

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment. See Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988). Authentication is a "condition precedent to admissibility," FN6 and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." FN7 Fed.R.Evid. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir.1989); *Beyene*, 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686(9th Cir.1976).

Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir.2002) (footnotes omitted).  But see Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir.2003) (form of evidence is unimportant; only the substance matters, and as long as the substantive evidence "could" be made use of at trial, it does not have to be admissible per se at summary judgment.  The Ninth Circuit also permits sworn to allegations of the complaint, Schroeder v. McDonald, 55 F.3d, 454, 460 (9th Cir. 1995), and seemingly almost any attachment thereto to be used to oppose the summary judgment because the substance "could" conceivably be made admissible at trial.

*Legal Standard for Summary Judgment*

Whatever the admissibility of plaintiff's evidence, and whatever the status of the rules plaintiff did not follow, the substance of plaintiff's "testimony" and "exhibits" must meet the issue of fact standards.

Summary judgment is appropriate when it is demonstrated that the standard set forth in Fed. R. Civ. P. 56(c) is met.  "The judgment sought shall be rendered forthwith if . . . there is no genuine issue as to any material fact, and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court
> of the basis for its motion, and identifying those portions of "the
> pleadings, depositions, answers to interrogatories, and admissions
> on file, together with the affidavits, if any," which it believes
> demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct., 2548, 2553 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See id. at 322, 106 S. Ct. at 2552.  "[A] complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11, 106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255, 106 S. Ct. at 2513. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1356 (citation omitted).

IV. Discussion

*The Excessive Force and Deliberate Indifference Claims*

It is difficult for the undersigned to understand how he is to evaluate this summary judgment motion due to the non-compliance by plaintiff with established procedures for evaluating disputed issues of fact at time of summary judgment motion. However, if Jones v. Blanas is the case to be applied, along with Fraser, plaintiff made out his opposition to summary judgment when he filed his various complaints and exhibits under penalty of perjury. The above cases set up the peculiar procedural process where, absent the need to respond to defendants' discovery forays, plaintiff has essentially nothing to do after filing his complaint(s) until trial. Summary judgment motions serve almost no purpose in the context of a prisoner case where, as here, the initial verified allegations were sufficient to overcome a motion to dismiss.

The undersigned must also assign the legal claims made out by the complaint because plaintiff overstates the possibilities. As best as the undersigned can discern, plaintiff has stated claims for excessive force and deliberate indifference to a serious medical need. There is nothing to be gained by again detailing the allegations of the complaint – at least in some general

sense, they materially stand in opposition to the undisputed facts set forth by defendants. All of the remaining defendants, who failed to overcome these allegations as a matter of law at time of motion to dismiss, fare no better in their summary judgment. Although the undersigned realizes that the pro se jurisprudence of the Ninth Circuit perversely places them in a worse (much more difficult) position than if plaintiff were represented, that is the state of the law. Defendants may challenge the law if they wish, but such challenge must be directed to a higher court.

The verified allegations of the complaint and some of the exhibits warrant a trial of this matter. In an abundance of caution, to the extent plaintiff attempted to state an Americans with Disabilities Act claim, the undersigned disagrees and disposes of that claim in the next section.

*The ADA Claim*

Plaintiff contends that Dr. Sandham was deliberately indifferent for approving Dr. Rholfing's medical treatment that discontinued plaintiff's cane chrono and disability status and this violated the Americans with Disabilities Act (ADA).

Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 118 S.Ct. 1952, 1955. "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2)[he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).

The treatment or lack of medical treatment for plaintiff's condition does not provide a basis upon which to impose liability. Burger v. Bloomberg, 418 F.3d 882 (8th Cir.2005) (medical treatment decisions not basis for ADA claims); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir.1996) ("The ADA does not create a remedy for medical malpractice.").

| | |
|---|---|
| 1 | The allegation that Dr. Sandham did not provide plaintiff with adequate medical |
| 2 | care does not state a claim pursuant to Title II of the ADA. For these reasons, summary |
| 3 | judgment should be granted on this claim. |
| 4 | *Qualified Immunity* |
| 5 | Because the court has found that the conduct alleged by plaintiff states a |
| 6 | constitutional deprivation for excessive force and deliberate indifference in the Eighth |
| 7 | Amendment context against the remaining defendants, no reasonable prison official could say in |
| 8 | the context of the allegations that he or she was not aware that such conduct would violate clearly |
| 9 | established law. |
| 10 | V. Conclusion |
| 11 | Accordingly, IT IS HEREBY RECOMMENDED that defendants' motions for |
| 12 | summary judgment, both filed on October 3, 2008, be denied as to claims of excessive force and |
| 13 | deliberate indifference to a serious medical need. Summary judgment should be GRANTED as |
| 14 | to any ADA claim. |
| 15 | These findings and recommendations are submitted to the United States District |
| 16 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty |
| 17 | days after being served with these findings and recommendations, any party may file written |
| 18 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 19 | "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections |
| 20 | shall be served and filed within ten days after service of the objections. The parties are advised |
| 21 | that failure to file objections within the specified time may waive the right to appeal the District |
| 22 | Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). |
| 23 | DATED: 04/28/09 |
| 24 | /s/ Gregory G. Hollows |
| 25 | GREGORY G. HOLLOWS<br>UNITED STATES MAGISTRATE JUDGE |
| 26 | GGH:AB<br>king0065.sj |