IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

      Plaintiff,                     No. CIV S-06-0065 LKK GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants,                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff, a former state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  The case proceeds on the second amended complaint filed June 26, 2006. On April 28, 2009, (Doc. 98) the undersigned issued findings and recommendations denying summary judgment on several claims due to conflicting case law in the Ninth Circuit concerning pleading requirements for pro se parties in opposition to summary judgment.  The findings were adopted on July 31, 2009, (Doc. 102).  Pending before the court is defendant Rholfing's August 31, 2009, (Doc. 106) motion for certification of appeal pursuant to § 28

\\\\\

\\\\\

1

1  U.S.C. 1292(b).  The remaining defendants filed a motion to join on September 3, 2009.[1]

2  A hearing was held before the undersigned on October 8, 2009.  Shanan Hewitt appeared for defendant Rohlfing and plaintiff appeared pro se.  No one appeared on behalf of the remaining defendants.

II. Issue

Defendants' seek certification concerning the issue of conflicting bodies of Ninth Circuit rulings regarding pro se opposition to summary judgment.  The court cites to the findings and recommendations filed on April 28, 2009:

> Plaintiff's opposition to summary judgment is nothing more than a slightly abbreviated version of his second amended complaint.  Plaintiff has not provided a declaration or responded to defendants' undisputed facts or presented his own statement of undisputed/disputed facts.  The exhibits in plaintiff's opposition to summary judgment are nearly identical to the exhibits in the second amended complaint.  Plaintiff does not address the evidence cited in defendants' motions for summary judgment.  Plaintiff's opposition relies solely upon the allegations and denials from his complaint and plaintiff has failed to tender any evidence of specific facts in the form of affidavits, and/or admissible discovery material.
>
> The present opposition brings into focus the Ninth Circuit's conflicting rulings on analysis of pro se oppositions to summary judgments.  The Ninth Circuit has stated that pro se litigants must follow the same rules of procedure that govern other litigants.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).   As a general rule for ordinary litigants, the judge does not have to scour the record in efforts to find evidence which might defeat summary judgment, i.e., the litigant must supply the needed evidence *within the motion or opposition*.  See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1030 (9th Cir.2001) (stating the rule for represented parties: "Other circuits are not unanimous, but *Forsberg* is both binding on us and consistent with the majority view that the district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein."); but see Jones v. Blanas, 393 F.3d 918, 922-923 (9th Cir. 2004) ("[b]ecause Jones is pro se, we must consider as evidence in his opposition to summary judgment all of Jones [admissible] contentions offered in motions and pleadings [signed under penalty of perjury].") It is difficult to square Jones with King because Jones clearly fashions a separate rule for pro se litigants in opposing summary judgment, and does away with the "same rules of procedure that govern other litigants."
>
> Moreover,
>> A trial court can only consider admissible evidence in ruling on a

---

[1] There are nine other defendants represented by the Attorney General's Office of the State of California.

> motion for summary judgment. See Fed.R.Civ.P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988). Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a). We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir.1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550-51 (9th Cir.1989); *Beyene*, 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987); *Hamilton v. Keystone Tankship Corp.*, 539 F.2d 684, 686(9th Cir.1976).
>
> Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir.2002) (footnotes omitted). But see Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir.2003) (form of evidence is unimportant; only the substance matters, and as long as the substantive evidence "could" be made use of at trial, it does not have to be admissible per se at summary judgment. The Ninth Circuit also permits sworn to allegations of the complaint, Schroeder v. McDonald, 55 F.3d, 454, 460 (9th Cir. 1995), and seemingly almost any attachment thereto to be used to oppose the summary judgment because the substance "could" conceivably be made admissible at trial.

April 28, 2009, Findings and Recommendations at 3-5.

III. <u>Motion for Certification</u>

Defendants' motion and hearing were brought before the undersigned magistrate judge and not the Honorable Lawrence K. Karlton, the district judge assigned to this case.

Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order; *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b) specifically mentions "a district judge", thus the undersigned will issue findings and recommendations.

\\\\\

Generally, a party may seek review of a district court's rulings only after a final judgment has been entered. In re Cement Antitrust Litigation, 673 F.2d 1020, 1022-23 (9th Cir.1982). In certain circumstances, however, the district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b). Id. at 1025-26. The certification requirements for an interlocutory appeal are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026.

The first limitation, that interlocutory appeals be permitted only where there is a controlling question of law at issue, intends to capture those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Id., citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966) (per curium) and Milbert v. Bison Labs., 260 F.2d 431, 433-35 (3rd Cir.1958). To be controlling, the issue must be one that "could materially affect the outcome of litigation in the district court," rather than simply shortening the duration of the litigation or relating to a collateral issue. Id. at 1026-27.

Analysis

In the instant case, defendants' chose to appeal this issue pursuant to § 28 U.S.C. 1292(b). Defendants' had the opportunity to utilize a direct appeal, as the court denied qualified immunity claims on the summary judgment motion. This avenue would not require court certification as an order denying qualified immunity is immediately appealable. Rodis v. City and County of San Francisco, 558 F.3d 964, 968 (9th Cir.2009). The time to file a notice of appeal having since expired, defendants' now face the possibility of being unable to appeal the order.[2] At the October 8, 2009, hearing, counsel for defendant stated that the appeal was

---

[2] It is unclear if the time for filing a notice of appeal would be tolled by defendants' instant motion for certification. But see Pena v. Meeker, 298 Fed.Appx. 562 (9th Cir.2008) (motion for leave to file a motion for reconsideration on the denial of summary judgment on the basis of qualified immunity did not toll the time to file an appeal as the motion was not one considered by Fed. R.App. P. 4(a)(4)).

commenced pursuant to 1292(b) to insure that the issue of pro se pleading standards was addressed.

Plaintiff argues against certification as it will delay trial and this case was commenced in 2006. While plaintiff makes a valid argument, it should be noted that plaintiff did not actively pursue this litigation from August 2008 to January 2009. Originally, plaintiff did not file any opposition to defendants' motion for summary judgment. On December 17, 2008, summary judgment was granted for defendants due to plaintiff's failure to file an opposition. It was only after plaintiff appeared to oppose a motion to dismiss for lack of prosecution on January 15, 2009, that the undersigned vacated the summary judgment grant and provided plaintiff another opportunity to file an opposition.

The three prongs of 28 U.S.C. § 1292(b) are met in the instant case. A controlling question of law exists in this case as clarification on the pro se standards "could materially affect the outcome of [the] litigation." In re Cement Antitrust Litigation, at 1026-27. Should plaintiff's opposition be deemed unsuitable, several claims against many of the defendants would be dismissed and the case would continue against five defendants on one claim of excessive force. Moreover, there is no doubt that the order being challenged involves a question of law, and not a question of fact. Nor is there a dispute that the question of law at issue is controlling.

As for the second prong it is clear that there are substantial grounds for a difference of opinion, as illustrated by the conflicting bodies of law. Finally, an interlocutory appeal would materially advance termination of the litigation. As discussed above, resolution of this issue would terminate many of the defendants from the action and the case would continue solely on a claim of excessive force.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for certification be granted and the court's July 31, 2009, order be certified for interlocutory appeal pursuant to § 28 U.S.C. 1292(b).

\\\\\

1       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/23/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS  
UNITED STATES MAGISTRATE JUDGE

GGH:AB  
king0065.app