1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KEVIN KING,

11            Plaintiff,                      No. CIV S-06-0065 LKK GGH P

12        vs.

13
     CALIFORNIA DEPARTMENT OF
14   CORRECTIONS, et al.,

15            Defendants,                     ORDER

16   _____/

17            Plaintiff, a former state prisoner, is proceeding pro se with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's January 26, 2010, motion

19   for change of venue (Doc. 116).

20            While plaintiff requests the court to transfer this action to the Fresno Division, it

21   appears that plaintiff's real issue is with this court's adverse rulings.  Therefore, the court will

22   construe this request as a motion for recusal or motion to disqualify which is governed by 28

23   U.S.C. § 144 and 28 U.S.C. § 455.  28 U.S.C. § 144, provides as follows:

24            Whenever a party to any proceeding in a district court makes and files a timely
              and sufficient affidavit that the judge before whom the matter is pending has a
25            personal bias or prejudice either against him or in favor of any adverse party, such
              judge shall proceed no further therein, but another judge shall be assigned to hear
26            such proceeding.

                                              1

28 U.S.C. § 455 provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  "Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotations and citations omitted).

Berger v. United States, 255 U.S. 22, 41 S.Ct. 230 (1922), is the seminal case interpreting § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the Court in Berger held that the judge against whom a disqualification motion is brought may pass on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state facts which, if true, fairly support the allegation of bias or prejudice which stems from an extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41. Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.

To the extent plaintiff's motion is a request for recusal, this request is denied. Plaintiff's grievance appears to relate to adverse rulings by this court.  As discussed above, adverse rulings are insufficient to show bias or prejudice against plaintiff.

The court also notes that plaintiff has received beneficial rulings.  Plaintiff did not actively pursue this litigation from August 2008 to January 2009.  Originally, plaintiff did not file any opposition to defendants' motion for summary judgment.  On December 17, 2008, summary judgment was granted for defendants due to plaintiff's failure to file an opposition.  It was only after plaintiff appeared to oppose a motion to dismiss for lack of prosecution on January 15, 2009, that the undersigned vacated the summary judgment grant and provided plaintiff another opportunity to file an opposition.  Thus, plaintiff has provided no grounds for which a request for recusal could be granted.

\\\\\\

1    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion (Doc. 116) is

2  denied.

3  DATED: February 26, 2010

4    /s/ Gregory G. Hollows
_____

5  GGH:AB    GREGORY G. HOLLOWS
   UNITED STATES MAGISTRATE JUDGE

6  king0065.recusal

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26