IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

        Plaintiff,                         No. CIV S-06-0065 LKK GGH P

     vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.                    <u>ORDER</u>

_____/

        On June 9, 2010, the undersigned issued a pretrial order. In the pretrial order, plaintiff was provided 14 days to file a list of exhibits he intended to use at trial or else he would be precluded from using exhibits. Plaintiff was also informed that to the extent he intended to call non-incarcerated witnesses, he was required to comply with the procedures set forth in the Further Scheduling Order. Doc. 122. On June 25, 2010, plaintiff filed objections. Doc. 131, 132.

        The majority of plaintiff's objections involve plaintiff's assertions of other claims that are proper for trial. The only claims proper for trial are the claims set forth in the pretrial order.

\\\\\

Plaintiff has also provided a revised witness list containing several non-incarcerated witnesses and one incarcerated witnesses. Doc. 132 at 27-29. The inmate witness has declared that he will testify regarding an incident when officers mistreated him. As this does not involve the allegations of the instant case, the inmate witness will be precluded from testifying. Plaintiff's request to call his mother as a witness and a newspaper reporter are denied as these witnesses are not relevant.

Plaintiff has named the following witnesses who appear relevant: Lt. D Dharlingue, Dr. Torruella and Dr. Marcado.[1] While not indicated, the court assumes that these witnesses have not agreed to testify voluntarily. It would seem that these three witnesses would be appropriate and the court will direct the Clerk of the Court to forward plaintiff three blank subpoenas. A subpoena will not be served upon an unincarcerated witness by the United States Marshal unless a money order is tendered to the court providing a fee and reasonable travel expenses. If plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, plaintiff must *promptly* submit the money orders with the completed subpoena forms to the court and only then will the witnesses be served. Failure to serve the completed subpoenas and money orders will result in plaintiff being precluded from calling these witnesses.

Despite the court providing plaintiff 14 days to file an itemized list of his exhibits, plaintiff has failed to file any such list. Plaintiff was warned that failure to file a list would prevent plaintiff from being permitted to using exhibits. As plaintiff has failed to file an exhibit list, he will be precluded from using exhibits at trial.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's June 25, 2010, objections will be disregarded for the reasons stated above;

---

[1] Plaintiff also indicates he wished to call L. Dial, but defendants have represented that they will be calling that witness so plaintiff will have the opportunity to question him.

2. The Clerk shall forward to plaintiff three blank subpoena forms.

DATED: July 6, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
king0065.ord