IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

    Plaintiff,                              No. CIV S-06-0065 LKK GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants,                       <u>ORDER</u>

                              /

       Plaintiff, a former state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's August 25, 2010, motion to resolve various issues concerning his upcoming trial (Doc. 139).

       First, plaintiff seeks to secure L. Dial as a trial witness. In its June 9, 2010 pretrial order (Doc. 128), this court noted that defendants intend to call L. Dial as a witness. Thus, plaintiff will have the opportunity to question this witness at trial.[1]

       Second, plaintiff seeks to designate an additional witness, Don Tooks. The pretrial order advised the parties that no additional witnesses would be permitted to testify unless (1) the witness is for the demonstrated purpose of rebutting evidence which could not be

---

[1] Defendants should notify the court in the event that they decide not to call L. Dial, as plaintiff is relying on their stated intention to do so.

1

reasonably anticipated at the pretrial conference; and (2) the witness was discovered after the pretrial conference, and could not reasonably have been discovered prior to pretrial, among other factors. (Doc. 128.) Plaintiff states that Tooks "signed a sworn deposition at High Desert state prison and told plaintiff what he saw" concerning the alleged incident which is the subject of plaintiff's trial, and that plaintiff attached this deposition to the Second Amended Complaint. (See Doc. 12.) As this witness clearly was discovered prior to the pretrial conference, he does not meet the criteria set forth in the pretrial order. Thus, plaintiff's request to call Tooks as a witness is denied.

Plaintiff next lists three witnesses (in addition to Dial, Tooks, and himself) for the upcoming trial. In its March 17, 2010 scheduling order, this court set forth the subpoena procedure for obtaining attendance of unincarcerated witnesses. (Doc. 122.) On July 6, 2010, plaintiff was provided with three blank subpoena forms to prepare and submit for service by the United States Marshal: one for each of plaintiff's three named witnesses. (Doc. 133.) The undersigned advised that plaintiff's failure to return the completed forms, along with the necessary service fees, would result in plaintiff's being precluded from calling these witnesses. (Id.) In its July 29, 2010 order, the district court noted that, at the trial confirmation hearing, "plaintiff indicated that he is being released from custody in a month and will then fill out the subpoenas and return them to the court with money orders." (Doc. 137.) Plaintiff has since been released from custody (Doc. 138), and it remains plaintiff's responsibility to ensure the presence of his non-incarcerated witnesses at trial by following the subpoena procedure.

These matters having been resolved, plaintiff's motion raises no other issues that need be addressed herein.

\\\\\
\\\\\
\\\\\
\\\\\

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to resolve
2  various issues concerning trial (Doc. 139) is granted.
3  DATED: September 9, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH0014
king0065.trial