IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN KING,

    Plaintiff,                        No. CIV S-06-0065 LKK GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants,                  <u>ORDER</u>

                             /

        Plaintiff, a former state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second motion to resolve issues concerning his upcoming trial. (Doc. 141.) Specifically, plaintiff contests the undersigned's ruling on September 10, 2010 that he may not designate an additional trial witness, Don Tooks, because his attempt to add this witness is untimely pursuant to the pretrial order. (Doc. 140.)

        Initially, plaintiff stated that Tooks "signed a sworn deposition at High Desert state prison and told plaintiff what he saw" concerning plaintiff's instant allegations, and that plaintiff attached this deposition to the Second Amended Complaint. (Doc. 139.) In fact, attached to the Second Amended Complaint is a sworn declaration by Don Tooks and Lorenzo Ruffin, signed and dated by Tooks on September 14, 2005. (Doc. 12 at 61-63.) Plaintiff now

1

claims that he "discovered the long lost witness on or about August 8 or 9th 2010 . . . 11 days after the pretrial conference."  Even if plaintiff recently located Tooks after losing track of his whereabouts, it does not affect the outcome under the rules regarding untimely witnesses as set forth in the pretrial order.[1]  Plaintiff is advised that the undersigned will not revisit or revise its September 10, 2010 decision in this matter.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's second motion to resolve various issues concerning trial (Doc. 141) is denied.

DATED: September 30, 2010

        /s/ Gregory G. Hollows

        _____
        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH0014
king0065.trial2

---

[1] For one thing, plaintiff has made no showing that he would call Tooks "for the demonstrated purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference," as required by the pretrial order.  (Doc. 128.)